IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:24-CV-00057-KDB-DCK

| | |
|---|---|
| MILLERS CAPITAL INSURANCE COMPANY, **Plaintiff,** v. SUMMIT MANAGEMENT SERVICES, INC., **Defendant.** | **ORDER** |

**THIS MATTER** is before the Court on Defendant Summit Management Services, Inc.'s ("Summit") Amended Motion to Dismiss the Amended Complaint. (Doc. No. 23). The Court has carefully considered this motion and the parties' related briefs and exhibits. With due regard for the applicable standard of review of motions to dismiss pursuant to Rule 12, the Court finds that Plaintiff Millers Capital Insurance Company ("Millers") has, at this initial stage of the case, adequately pled its declaratory judgment claim with respect to coverage under the insurance policy in dispute. *See DFA Dairy Brands, LLC v. Primus Builders, Inc.*, No. 521CV00026KDBDSC, 2021 WL 5826785, at *1 (W.D.N.C. Dec. 8, 2021); *Summit Mgmt. Servs., Inc. v. Falls Lake Fire & Cas. Co.*, No. 521CV00110KDBDSC, 2022 WL 738666, at *3–4 (W.D.N.C. Mar. 11, 2022). Accordingly, the Court will **DENY** the motion.

## I.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.*, 550 U.S. at 570; *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), aff'd sub nom. *Coleman v. Court of Appeals of Maryland*, 566 U.S. 30 (2012). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, ... bare assertions devoid of further factual enhancement[,] ... unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Construing the facts in this manner, a complaint must only contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotations omitted). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

Also, in analyzing a Rule 12 motion, a court may consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L.Ed.2d 179 (2007). In particular, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint ... so long as the authenticity of these documents is not disputed." *Chapman v. Asbury Auto. Grp., Inc.*, No. 3:13 cv 679, 2016 WL

4706931, at *1, 2016 U.S. Dist. LEXIS 121043 (E.D. Va. Sept. 7, 2016) (quoting *Witthohn v. Fed. Ins. Co.*, 164 F. App'x 395, 396-97 (4th Cir. 2006)); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159 (4th Cir. 2016). So, here, the Court will consider the insurance policy at issue along with the other documents attached to the pleadings.

## II.   FACTS AND PROCEDURAL HISTORY

Summit owns and manages numerous properties in North Carolina, which were insured under a policy of insurance (the "Policy") issued by Millers. *See* Doc. No. 17, Amended Complaint, at ¶¶ 10-12, 19. Thirteen of those buildings suffered storm damage in the summer of 2022 within the Policy period, *id*. at ¶ 19, and Summit sought coverage for its losses under the Policy. Millers denied Summit's insurance claim on the grounds that the cost of repairs and sum of damages due to the loss did not exceed the applicable 1% deductible for windstorm or hail damage based upon the "blanket limits" of insurance under the Policy. *Id*. at ¶¶ 21-23. Summit disagreed with Millers' interpretation of the Policy and continued to demand payment. Millers then filed this declaratory judgment action pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 seeking a declaration that (1) the Policy's deductible is $1,374,476.20 and that (2) amount of loss or damage in Summit's Claim does not exceed the properly applied 1% Windstorm or Hail deductible. *Id*. Based on its different view of the amount of the deductible, Summit now seeks dismissal of the Amended Complaint, with prejudice, for failure to state a plausible claim for relief under Rule 12(b)(6).

## III.   DISCUSSION

The parties generally agree that their dispute turns on the interpretation of the Policy's applicable deductible for wind and hail damage; specifically, whether the Policy's deductible is calculated separately for each damaged building based on 1% of the total limit of insurance

3

assigned to each building location or whether it is calculated at 1% of the total insurable limit of all buildings. Unsurprisingly, both the insurer and policyholder argue that the provision is unambiguous – but in their respective favor. The Court finds that, at this early stage of the litigation, the parties' respective interpretations are both at least "plausible." Therefore, dismissal of the Amended Complaint under Rule 12(b)(6) is inappropriate and Summit's motion will be denied.

In the motion and response each side asks that the Court interpret the Policy as a matter of North Carolina law to either cover or exclude coverage (beyond the applicable deductible) for the damage to Summit's apartments. "An insurance policy is a contract and its provisions govern the rights and duties of the parties thereto." *C. D. Spangler Constr. Co. v. Indus. Crankshaft & Eng'g Co.*, 326 N.C. 133, 142, 388 S.E.2d 557 (1990). Courts apply general contract interpretation rules when interpreting an insurance policy. *Accardi v. Hartford Underwriters Ins. Co.*, 373 N.C. 292, 295, 838 S.E.2d 454 (2020). For example, as in other contracts, the objective of construction of terms in an insurance policy is to arrive at the insurance coverage intended by the parties when the policy was issued. *Wachovia Bank & Tr. Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 354, 172 S.E.2d 518 (1970). Also, the various terms of the policy "are to be harmoniously construed, and if possible, every word and every provision is to be given effect." *Woods v. Nationwide Mut. Ins. Co.*, 295 N.C. 500, 506, 246 S.E.2d 773 (1978); *see also Harleysville Mut. Ins. Co. v. Buzz Off Insect Shield, L.L.C.*, 364 N.C. 1, 9, 692 S.E.2d 605 (2010) ("We construe all clauses of an insurance policy together, if possible, so as to bring them into harmony." (citation and internal quotation marks omitted)). If the policy contains a defined term, "the court applies that meaning unless the context requires otherwise." *Wachovia Bank*, 276 N.C. at 354, 172 S.E.2d 518.

However, there are also specific rules of interpretation for insurance policies under North Carolina law. Significantly, "wherever possible, the policy will be interpreted in a manner which gives, but never takes away coverage." *Wash. Hous. Auth. v. N.C. Hous. Auths. Risk Retention Pool*, 130 N.C. App. 279, 281, 502 S.E.2d 626 (1998) (citation and internal quotation marks omitted). In construing the coverage afforded by the applicable policy, "provisions of insurance policies and compulsory insurance statutes which extend coverage must be construed liberally so as to provide coverage, whenever possible by reasonable construction." *State Capital Ins. Co. v. Nationwide Mut. Ins. Co.*, 318 N.C. 534, 538, 350 S.E.2d 66 (1986) (citing *Moore v. Hartford Fire Ins. Co.*, 270 N.C. 532, 155 S.E.2d 128 (1967)). To give effect to these principles, "any ambiguity or uncertainty as to the words used in the policy should be construed against the insurance company and in favor of the policyholder or beneficiary. *Id.* However, if a court finds that no ambiguity exists, the court must construe the document according to its terms, giving undefined "nontechnical words ... their meaning in ordinary speech, unless the context clearly indicates another meaning was intended." *Woods*, 295 N.C. at 506, 246 S.E.2d 773.

As noted, Summit and Millers disagree on the interpretation of the Policy. Applying the applicable standard of review for Rule 12 motions, the Court need not and should not decide the merits of these varying interpretations of the Policy at this time. Plaintiff has stated its claims sufficiently to withstand Defendant's motion to dismiss. Further, the resolution of these issues and others related to them may well benefit from the development of the relevant facts in discovery, including, but not limited to, any facts establishing the intent of the parties. Accordingly, the Court will deny Summit's motion to dismiss, without prejudice to Summit having an opportunity to raise these issues at summary judgment. *See* DFA Dairy Brands, No. 521CV00026KDBDSC, 2021 WL 5826785, at *3.

## IV. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Amended Motion to Dismiss (Doc. No. 23) is **DENIED**; and

2. This case shall proceed towards trial on the merits in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 11, 2024

Kenneth D. Bell
United States District Judge